# EXHIBIT A

09-01-09A11:49 RCVD

**WARNOCK, MACKINLAY & CARMAN, PLLC**
240 S. Montezuma Street, Suite 201
Prescott, Arizona 86303
Telephone: (928) 445-8056
Email: kcarman@lawwmc.com
Krista M. Carman, State Bar No. 021700
Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TERRI WOODMANSEE, an individual, | Case No.: CV2009-023068 |
| Plaintiff, | |
| vs. | |
| THE CITY OF GOODYEAR, a body politic; MARK BROWN, Chief of the City of Goodyear Police Department and JANE DOE BROWN, husband and wife, COMMANDER RALPH MCLAUGHLIN and JANE DOE MCLAUGHLIN, husband and wife, LIEUTENANT BILL CUSSON and JANE DOE CUSSON, JOHN and JANE DOES 1-10; BLACK and WHITE PARTNERSHIP 1-10; and ABC CORPORATIONS 1-10, | **SUMMONS**<br><br>If you need legal advice from a lawyer, contact the Lawyer Referral Service at<br>602-257-4434<br>or<br>www.lawyerfinders.org.<br><br>Sponsored by the<br>Maricopa County Bar Association |
| Defendants. | |

### THE STATE OF ARIZONA TO THE DEFENDANT:

CITY OF GOODYEAR
c/o Clerk of the City of Goodyear
190 N. Litchfield Road
Goodyear, AZ 85338

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and First Amended Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and First Amended Complaint upon you is complete, exclusive of the day of service. Service by publication is complete thirty (30) days after the date of first

publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. § 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the First Amended Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiffs' attorney.

The name and address of plaintiff's attorney is:

      Krista M. Carman, Esq.
      WARNOCK, MacKINLAY & CARMAN, PLLC
      240 S. Montezuma, Suite 201
      Prescott, Arizona 86303

SIGNED AND SEALED THIS DATE: _____



CLERK _____

By _____
       Deputy Clerk

**WARNOCK, MacKINLAY & CARMAN, PLLC**
240 S. Montezuma Street, Suite 201
Prescott, Arizona 86303
Telephone: (928) 445-8056
Email: kcarman@lawwmc.com
Krista M. Carman, State Bar No. 021782
Attorneys for Plaintiff

ORIGINAL

MICHAEL K. JEANES, CLERK
BY                        DEP
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

09 SEP -3  AM 11: 34

FILED
BY S. SEELEY, DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TERRI WOODMANSEE, an individual, | Case No.: CV2009-023068 |
| Plaintiff, | |
| vs. | |
| THE CITY OF GOODYEAR, a body politic; MARK BROWN, Chief of the City of Goodyear Police Department and JANE DOE BROWN, husband and wife, COMMANDER RALPH MCLAUGHLIN and JANE DOE MCLAUGHLIN, husband and wife, LIEUTENANT BILL CUSSON and JANE DOE CUSSON, JOHN and JANE DOES 1-10; BLACK and WHITE PARTNERSHIP 1-10; and ABC CORPORATIONS 1-10, | **SUMMONS** |
| Defendants. | |

If you want free legal advice from a lawyer,
contact the Lawyer Referral Service at

**602-257-4434**
or
**www.lawyerfinders.org.**

Sponsored by the
Maricopa County Bar Association

**THE STATE OF ARIZONA TO THE DEFENDANT:**

> MARK BROWN and JANE DOE BROWN
> Chief of Police
> City of Goodyear Police Department
> 175 N. 145th Avenue
> Goodyear, AZ 85338

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and First Amended Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and First Amended Complaint upon you is complete, exclusive of the

day of service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. § 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the First Amended Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiffs' attorney.

The name and address of plaintiff's attorney is:

Krista M. Carman, Esq.
WARNOCK, MacKINLAY & CARMAN, PLLC
240 S. Montezuma, Suite 201
Prescott, Arizona 86303

AUG 1 8 2009

SIGNED AND SEALED THIS DATE:

MICHAEL K. JEANES, CLERK

By _____
Deputy Clerk

MICHAEL K. JEANES. CLERK
BY _____ DEP

RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

09 SEP -3  AM 11: 36

FILED
BY S. SEELEY, DEP

**WARNOCK, MacKINLAY & CARMAN, PLLC**
240 S. Montezuma Street, Suite 201
Prescott, Arizona 86303
Telephone: (928) 445-8056
Email: kcarman@lawwmc.com
Krista M. Carman, State Bar No. 021708
Attorneys for Plaintiff

ORIGINAL

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TERRI WOODMANSEE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF GOODYEAR, a body politic; MARK BROWN, Chief of the City of Goodyear Police Department and JANE DOE BROWN, husband and wife, COMMANDER RALPH MCLAUGHLIN and JANE DOE MCLAUGHLIN, husband and wife, LIEUTENANT BILL CUSSON and JANE DOE CUSSON, JOHN and JANE DOES 1-10; BLACK and WHITE PARTNERSHIP 1-10; and ABC CORPORATIONS 1-10,<br><br>Defendants. | Case No.: CV2009-023068<br><br>**SUMMONS**<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at<br><br>602-257-4434<br>or<br>www.lawyerfinders.org.<br><br>Sponsored by the<br>Maricopa County Bar Association |

### THE STATE OF ARIZONA TO THE DEFENDANT:

## COMMANDER RALPH McLAUGHLIN and JANE DOE McLAUGHLIN

The City of Goodyear Police Department
175 N. 145th Avenue
Goodyear, AZ 85338

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and First Amended Complaint upon you, exclusive of the day of service. If served outside of the State of Arizona – whether by direct service, or by publication – you shall appear and defend within thirty (30) days after the service of the Summons and First Amended Complaint upon you is complete, exclusive of the day of service. Service by publication is complete thirty (30) days after the date of first

publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. § 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the First Amended Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiffs' attorney.

The name and address of plaintiff's attorney is:

> Krista M. Carman, Esq.
> WARNOCK, MacKINLAY & CARMAN, PLLC
> 240 S. Montezuma, Suite 201
> Prescott, Arizona 86303

SIGNED AND SEALED THIS DATE:      AUG 1 8 2009

MICHAEL K. JEANES, CLERK

CLERK

By _____
Deputy Clerk

**WARNOCK, MACKINLAY & CARMAN, PLLC**
240 S. Montezuma Street, Suite 201
Prescott, Arizona 86303
Telephone: (928) 445-8056
Email: kcarman@lawwmc.com
Krista M. Carman, State Bar No. 021700
Attorneys for Plaintiff

ORIGINAL

MICHAEL K. JEANES, CLERK
BY                    DEP
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

09 SEP -3  AM 11: 34
FILED
BY S. SEELEY, DEP

1
2
3
4

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

5

## IN AND FOR THE COUNTY OF MARICOPA

6
7

TERRI WOODMANSEE, an individual,

Case No.: CV2009-023068

8
        Plaintiff,

9
    vs.

10
THE CITY OF GOODYEAR, a body politic;

11
MARK BROWN, Chief of the City of Goodyear
Police Department and JANE DOE BROWN,

**SUMMONS**

12
husband and wife, COMMANDER RALPH
MCLAUGHLIN    and    JANE    DOE

13
MCLAUGHLIN,    husband    and    wife,
LIEUTENANT BILL CUSSON and JANE DOE

If you want legal advice from a lawyer,
contact the Lawyer Referral Service at

14
CUSSON,    JOHN and JANE DOES 1-10;
BLACK and WHITE PARTNERSHIP 1-10; and

602-257-4434
or

15
ABC CORPORATIONS 1-10,

www.lawyerfinders.org.

16
        Defendants.

Sponsored by the
Maricopa County Bar Association

17
18

**THE STATE OF ARIZONA TO THE DEFENDANT:**

19
20
        LIEUTENANT BILL CUSSON and JANE DOE CUSSON
City of Goodyear Police Department

21
        175 N. 145th Avenue
Goodyear, AZ 85338

22
23
        YOU ARE HEREBY SUMMONED and required to appear and defend, within the time

24
applicable, in this action in this Court. If served within Arizona, you shall appear and defend
within twenty (20) days after the service of the Summons and First Amended Complaint upon

25
you, exclusive of the day of service. If served outside of the State of Arizona – whether by
direct service, or by publication – you shall appear and defend within thirty (30) days after the

26
service of the Summons and First Amended Complaint upon you is complete, exclusive of the
day of service. Service by publication is complete thirty (30) days after the date of first

publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. § 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the First Amended Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiffs' attorney.

The name and address of plaintiff's attorney is:

Krista M. Carman, Esq.
WARNOCK, MacKINLAY & CARMAN, PLLC
240 S. Montezuma, Suite 201
Prescott, Arizona 86303

SIGNED AND SEALED THIS DATE

AUG 1 8 2009

MICHAEL K. JEANES, CLERK

Deputy Clerk

MICHAEL K. JEANES
Clerk of the Superior Court

By MONICA CROWLEY, Deputy
Date 08/06/2009 Time 10:55 AM
Description      Qty      Amount
———— CASE# CV2009-023068 ————
CIVIL NEW COMPLAINT  001    301.00

TOTAL AMOUNT                301.00
          Receipt# 00011162514

**WARNOCK, MACKINLAY & CARMAN, PLLC**
240 S. Montezuma Street, Suite 201
Prescott, Arizona 86303
Telephone: (928) 445-8056
Email: kcarman@lawwmc.com
Krista M. Carman, State Bar No. 021700
Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV2009-023068

| | |
|---|---|
| TERRI WOODMANSEE, an individual, | Case No.: |
| Plaintiff, | |
| vs. | |
| THE CITY OF GOODYEAR, a body politic; MARK BROWN, Chief of the City of Goodyear Police Department and JANE DOE BROWN, husband and wife, COMMANDER RALPH MCLAUGHLIN, and JANE DOE MCLAUGHLIN, husband and wife, LIEUTENANT BILL CUSSON and JANE DOE CUSSON, | **COMPLAINT**<br>(Non-Classified Civil) |
| Defendants. | |

For her complaint, by and through her attorney, Plaintiff alleges:

### THE PARTIES

1. Plaintiff Terri Woodmansee ("Woodmansee" or "Plaintiff") is an individual resident of Maricopa County. Arizona. At all times pertinent to this Complaint Woodmansee was employed by the City of Goodyear in Goodyear, Arizona as a victim's services coordinator, a civilian position.

2. Defendant City of Goodyear ("City") is a municipal corporation of the State of Arizona

and was at all times pertinent to this Complaint Woodmansee's employer.

3.   At all times pertinent to this Complaint Defendant Mark Brown ("Brown") was the police chief of the City of Goodyear Police Department, and Brown is a resident of Maricopa County, Arizona.

4.   At all times pertinent to this Complaint Defendant Ralph McLaughlin ("McLaughlin") was the supervisor of Plaintiff and a Commander in the City of Goodyear Police Department and McLaughlin is a resident of Maricopa County, Arizona.

5.   At all times pertinent to this Complaint Defendant Bill Cusson ("Cusson") was the supervisor of Plaintiff and a Lieutenant in the City of Goodyear Police Department and Cusson is a resident of Maricopa County, Arizona.

6.   Defendants Jane Doe Brown, Jane Doe McLaughlin and Jane Doe Cusson are the wives of Brown, McLaughlin, and Cusson respectively and are residents of Maricopa County, Arizona. The true first names of Jane Doe Brown, Jane Doe McLaughlin, Jane Doe Cusson are unknown to Plaintiff, and they are sued with the fictitious names of Jane Doe Brown, Jane Doe McLaughlin and Jane Doe Cusson.  When their true names have been ascertained, Plaintiff will ask leave of the Court to amend this Complaint to allege their true names. In all acts complained of herein, Brown, McLaughlin, and Cusson were acting for the benefit of their respective marital communities, and the respective marital communities are liable for the acts of Brown, McLaughlin and Cusson as hereinafter alleged.

7.   Brown, McLaughlin and Cusson are sued herein both in their official capacities with the City as well as in their individual and private capacities.

8.   At all times pertinent to this Complaint, Brown, McLaughlin and Cusson were officials of

2

the City, and in doing the acts complained of herein, were acting under the color and pretense of statutes, ordinances, regulations, customs and usages of the City and of the State of Arizona.

9. At all times pertinent to this Complaint, Brown, McLaughlin and Cusson were acting within the course and scope of employment with the City, and as a result thereof the City is liable for the acts of Brown and McLaughlin under the principle of *respondeat superior*.

10. At all times relevant, all Defendants were agents of the others in all actions and matters set forth; each was acting as the agent of the other and was acting in the scope of and cover of their agency with their principal, and every act of each defendant was ratified by the others and the City.

## JURISDICTION

11. This is an action seeking equitable and legal relief and is instituted under 42 U.S.C. § 1983, A.R.S. § 23-1501, the Arizona Constitution Art 2. § 6, and Arizona common law claims for intentional and negligent infliction of emotion distress, false light/invasion of privacy, defamation, and breach of the implied covenant of good faith and fair dealing inherent in employment contracts. This Court has jurisdiction to hear and determine this action and to grant the relief requested pursuant to Article 6, § 14(1) of the Arizona Constitution.

## ALLEGATIONS COMMON TO ALL CLAIMS

12. Terri Woodmansee was at all material times a civilian working for the Goodyear Police Department (hereinafter the "Department") in the Crisis Services Department. She had been employed by the Department for over nine (9) years. Terri received positive job reviews and created the Crisis Services Department for the City of Goodyear Police. As the Crisis Services Coordinator, Terri's duties included implementation and development of Crisis Services which

provided crisis intervention, victim advocacy, death notifications and other services as needed

13. In or about April 2008, Woodmansee was asked by the Department to assist in a death notification matter involving the death of a young man. This matter shall hereinafter be referred to as the "Pendleton case."

14. Woodmansee became concerned as she worked on the Pendleton case as information arose that led her to believe that an officer or officers of the Department were violating Department rules as well as City and State laws.

15. On or about June 2, 2008, Woodmansee confided in Jamie Mayberry, Chief of the Maricopa County Attorney's Victim's Services Department, that she believed the Goodyear Police Department was covering up wrong-doing by a Department officer and she expressed her concerns regarding this specific case to Ms. Mayberry. Specifically, Woodmansee had heard statements that indicated an officer had potentially destroyed evidence related to a hit and run involving a victim, Pendleton. Additionally, the investigation of Pendleton's death did not meet Department protocol.

16. The information Woodmansee relayed to Ms. Mayberry was whistle-blowing as it outlined Woodmansee's concerns that a Department officer or officers were violating state law, City ordinances and departmental policy. All of the content relayed from Plaintiff to Ms. Mayberry is hereinafter referred to as "the information."

17. Maricopa Victim's Services employee Jamie Mayberry told Plaintiff that the County would look into it and to deny that it was she who relayed the information if she was asked by the Department. Ms. Mayberry relayed that the County would not reveal Plaintiff's identity to the Department.

4

18. Upon information and belief, as a result of the information relayed the Maricopa County Victim's Services employee, Jamie Mayberry, or her supervisor notified Keith Manning, Deputy Maricopa County Attorney, of the information.   Mr. Manning was the police liaison at the time.

19. Upon information and belief, Mr. Manning relayed the information to the City of Goodyear Police Department management.

20. Upon information and belief, an internal affairs investigation was opened regarding the Plaintiff as a result of her whistle-blowing.   Said investigation was wholly improper and retaliatory for Plaintiff's whistle-blowing rights.

21. On June 18, 2008 Plaintiff was placed on administrative leave by Defendant Cusson for "possible violations of City policies."

22. Plaintiff cooperated in the internal affairs investigation but when asked whether she was the one that "blew the whistle" regarding the hit and run possibly involving a Goodyear officer she denied it as she was advised to do by the Maricopa County Victim's Services employee and based on her belief that she did not have to reveal herself as a "whistle-blower."

23. Plaintiff was terminated on August 8, 2008 by Defendant Brown based on the recommendation of Defendant McLaughlin that Plaintiff be terminated because she "gossiped" about the department and failed to display "absolute honesty."

24. Plaintiff appealed her termination and a hearing took place on November 21, 2008. After reviewing the findings of the outside investigator and hearing testimony thereon the termination was affirmed on or about December 4, 2008.

25. Following her termination, Plaintiff has attempted to seek employment and when references are checked with the City of Goodyear Police Department potential employers are told

that Plaintiff was fired for lying and are told other disparaging comments about Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Wrongful Discharge – A.R.S. § 23-1501(3)(b) & (c) )

26. Plaintiff was wrongfully discharged on August 8, 2008, as affirmed on or about December 4, 2008 in violation of the public policies of the State of Arizona as expressed in the following Arizona constitutional and statutory provisions:

a.   Arizona Constitution Article 2, § 6 (freedom of speech).

b.   A.R.S. § 41-1822 (requiring police officers to be morally and mentally capable).

c.   A.R.S. § 28-661 & 663 (requiring citizens to do certain acts upon being involved in an automobile accident resulting in death or serious physical injury).

d.   A.R.S. § 13-2809 (criminally penalizing persons who tamper with physical evidence that is involved with an official proceeding).

e.   City of Goodyear Policies and Procedure Manual Policy 700 – Professional and Personal Conduct.  (Highest standard of conduct is expected and should not exhibit impropriety in personal or professional lives)  This rule has the force of Arizona law by virtue of Article 13, § 2 of the Arizona Constitution and City of Goodyear Code of Ordinances § 4-1-4.

f.   City of Goodyear Police Department Manual, AP 110 (Conduct and Rules Governing Behavior).  This rule has the force of Arizona law by virtue of Article 13, § 2 of the Arizona Constitution and City of Goodyear Code of Ordinances, § 4-1-4.

6

g.  City of Goodyear Police Department Manual, PP 290  (Patrol).  This rule has the force of Arizona law by virtue of Article 13, § 2 of the Arizona Constitution and City of Goodyear Code of Ordinances, § 4-1-4.

h.  City of Goodyear Police Department Manual, PP 100  (Collisions).  This rule has the force of Arizona law by virtue of Article 13, § 2 of the Arizona Constitution and City of Goodyear Code of Ordinances, § 4-1-4.

27. By virtue of the above actions, City is liable to Plaintiff for wrongful discharge in violation of A.R.S. §§ 23-1501(3)(b) & (c)(i) & (ii).

### SECOND CLAIM FOR RELIEF
#### (42 U.S.C.§ 1983 – Violation of the First Amendment)

28. Woodmansee's right to speak to the Maricopa County Attorney's Victim's Services Division on a matter of public concern and not be retaliated against and discharged from public employment for doing so is protected by the First Amendment of the United States Constitution.

29. The City's discharge of Woodmansee in violation of the First Amendment was committed or ratified by a person invested by the City with final policy making authority to make such decisions.  Therefore, these retaliatory actions, in violation of Woodmansee's constitutional rights, were pursuant to municipal policy.

30. Woodmansee has been subjected, because of the above recited acts, to the deprivation by City, Brown, McLaughlin and Cusson, under color of law and under the customs and usages of City and the State of Arizona, of rights, privileges and immunities secured to her by the Constitution and laws of the United States, and particularly her right to freedom of speech and to petition her government as protected by the First and Fourteenth Amendments of the United

States Constitution.

### THIRD CLAIM FOR RELIEF
### (Violation of Arizona Constitution–Freedom of Speech)

31. The retaliation and discharge of Woodmansee deprived her of her Arizona constitutional right protected by Article 2, § 6 in that retaliation and discharge was based upon Plaintiff's right to speak to the Maricopa County Attorney's Victim's Services Division on a matter of public concern.

32. Defendants Brown, McLaughlin and Cusson are also liable to Plaintiff on this cause of action under the doctrine of *respondeat superior.*

### FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

33. The conduct of Defendants City, Brown, McLaughlin and Cusson identified above  was intentional, outrageous, and unconscionable in its scope and severity, and was without legal justification.   Such actions caused severe emotional distress to Plaintiff.   City, Brown, McLaughlin and Cusson are liable to Plaintiff for intentional infliction of   emotional distress.

### FIFTH CLAIM FOR RELIEF
### (False Light Invasion of Privacy)

34. The conduct of Defendants City, Brown, McLaughlin and Cusson as previously alleged, amounted to publicity which placed Plaintiff in false light in the public eye. Such  conduct  was extreme and outrageous and was either intended to cause emotional distress  or   recklessly   done with malice in disregard of the near certainty that such distress would result.  Severe emotional distress has been suffered by Plaintiff as a result of this conduct, and Defendants City, Brown, McLaughlin and Cusson are liable to Plaintiff for the tort of   false light invasion of privacy.

### SIXTH CLAIM FOR RELIEF
### (Defamation)

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

35. As a result of the foregoing actions, the City, Brown, McLaughlin and Cusson published certain oral statements, accusing Plaintiff of dishonesty.  These statements were        and are false and defamatory in nature.  Such statements were published of and concerning Plaintiff herein.  These statements were made out of spite and malice, in retaliation for exercise of rights described above, and in the absence of good faith.  Plaintiff suffered        damages as a result.    Defendants City, Brown, McLaughlin and Cusson are liable to Plaintiff for the tort of slander as a result.

## SEVENTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

36. The conduct of Defendants City, Brown, McLaughlin and Cusson, as previously alleged, unintentionally caused emotional distress and bodily harm to Plaintiff.  Defendants City, Brown, McLaughlin and Cusson (1) should have realized that their   conduct  involved  an  unreasonable risk of causing the distress, and (2) from the facts known to them they should have realized the distress  might  result  in  illness  or  bodily  arm.    As  a  result  thereof,  Defendants City, Brown, McLaughlin and Cusson are liable to  Plaintiff  for  the  tort  of  negligent  infliction  of  emotional distress.

## EIGTH CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

37. The termination of Plaintiff by Defendant Brown and the confirmation of this by the City Manager breached the implied covenant of good faith and fair dealing inherent in all contracts in Arizona, causing Plaintiff to be deprived of the benefits of his employment   agreement.

## RIGHT TO EQUITABLE RELIEF

38. Under the first claim for relief above, the Court may order such affirmative action as may

9

be appropriate or any other equitable relief as may be appropriate where the employer intentionally engages in an unlawful employment practice.

39. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein and is entitled to equitable relief, which may consist of orders rescinding all disciplinary    actions and reinstating her to her position.

## DAMAGES

40. As a direct and proximate result of the aforesaid acts of Defendants City, Brown, McLaughlin and Cusson, Plaintiff has sustained damages for (1) loss of income and employment benefits, past and future; (2) loss of reputation and fame; (3) emotional distress and pain and suffering and anxiety experienced and with reasonable probability will be experienced in the future; and (4) medical, psychological, and psychiatric expenses experienced and reasonably probably to be experienced in the future.

41. As a further direct and proximate result of the aforesaid acts of Defendants City, Brown, McLaughlin and Cusson, Plaintiff has sustained damages for attorney's fees and costs incurred in presenting this claim and attorney's fees and costs incurred in defending herself at the Termination Appeal Hearing of November 2008.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them as follows:

1. For compensatory, consequential and general damages in such sum as will be proven at trial.

2. For equitable relief as described above.

10

3. For attorneys' fees and costs incurred as described above.

4. For punitive damages against Defendants Brown, McLaughlin and Cusson only in an amount to be awarded by the trier of fact.

5. For an amount to compensate Plaintiff for increased taxes she will have to pay as a result of receiving compensation for future losses in a lump sum.

6. For all costs of this action.

7. For judgment interest at the legal rate of 10% per annum from the date of this judgment until paid on all sums due.

8. For such other relief as the Court may deem proper.

**DATED** this 5 day of August, 2009.

*WARNOCK, MACKINLAY & CARMAN, PLLC*

By

Po Krista M. Carman
Attorneys for Plaintiff

11

MICHAEL K. JEANES, CLERK
BY *Moika Chawley* DEP

FILED

09 AUG -6 AM 11: 01

1 | **WARNOCK, MacKINLAY & CARMAN, PLLC**
2 | 240 S. Montezuma Street, Suite 201
Prescott, Arizona 86303
3 | Telephone: (928) 445-8056
Email: kcarman@lawwmc.com
4 | Krista M. Carman, State Bar No. 021700
Attorneys for Plaintiff
5 |

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

7 |

8 | TERRI WOODMANSEE, an individual,          **Case No.:**

9 |                    Plaintiff,
                                           **CV2009-023068**
10 |
           vs.
11 |
THE CITY OF GOODYEAR, a body politic;   **CERTIFICATE OF COMPULSORY**
12 | MARK BROWN, Chief of the City of Goodyear   **ARBITRATION**
Police Department and JANE DOE BROWN,
13 | husband and wife, COMMANDER RALPH
MCLAUGHLIN and JANE DOE
14 | MCLAUGHLIN, husband and wife,
LIEUTENANT BILL CUSSON and JANE DOE
15 | CUSSON, JOHN and JANE DOES 1-10;
BLACK and WHITE PARTNERSHIP 1-10; and
16 | ABC CORPORATIONS 1-10,
17 |
                   Defendants.
18 |

19 |

20 |          The undersigned certifies that he or she knows the dollar limits and any other limitations

21 | set forth by the local rules of practice for the applicable Superior Court, and further certifies that

22 | this case is **not** subject to compulsory arbitration, as provided by Rules 72 through 76 of the

23 | Arizona Rules of Civil Procedure.

24 |          **DATED** this _6_ day of August, 2009.

25 |
                              WARNOCK, MacKINLAY & CARMAN, PLLC
26 |
27 |                           Krista M. Carman
                              Attorneys for Plaintiff
28 |